■ JOHN J. O'GRADY, Respondent, v. COURTNEY BURR, Appellant.— Action to recover damages for breach of an alleged contract whereby appellant promised to pay to respondent a stated percentage of the net profits realized by a company in which appellant had a financial interest. The appeal is from so much of an order as modified a notice to examine respondent before trial, by striking therefrom the requirements that he produce at the examination certain

correspondence between appellant's attorneys and respondent as well as copies of certain of his Federal and State income tax returns. Order modified by striking from the first ordering paragraph the words "in all respects" and by adding thereto following the word "granted" the words "to the extent hereinafter indicated", and by striking from the second ordering paragraph the words "documentary production paragraph 'b' and". As so modified, order, insofar as appealed from, affirmed, with $10 costs and disbursements to appellant. In our opinion, the correspondence required by paragraph "b" was improperly deleted from the notice to examine respondent. These letters are probably inadmissible as self-serving declarations on appellant's part of gifts to respondent. They probably do not negate the possibility of an earlier contractual relationship between the parties. Nevertheless, their production for the purpose of laying a foundation for the receipt of secondary evidence thereof upon the trial, if they are not produced by respondent, for whatever evidentiary value they may have, was proper (*Meretzky* v. *Wolff*, 224 App. Div. 745). At this stage of the litigation, it appears not unlikely that proof of respondent's receipt and negotiation of the checks mentioned in the letters may be available to appellant, upon the trial, as conduct on respondent's part tantamount to a renunciation of the claimed earlier contractual status and a ratification of some noncontractual status between the parties. Under such circumstances, the fact that some of the evidence adduced at the examination before trial herein might be held immaterial at the trial is insufficient to defeat the proposed examination (5 Carmody-Wait on New York Practice, 411). In our opinion, Special Term properly excised the requirement for the production of respondent's Federal and State income tax returns. The rule that, in a proper case such returns might be properly required in connection with an examination before trial, had no application to the case at bar since there was no adequate showing that they would develop any fact material or necessary to the prosecution or defense of this action. (*Willig* v. *Sally Mason, Inc.*, 272 App. Div. 1029.) Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.