■ GLENMARK, INCORPORATED et al., Respondents, v. CHESTER CARITY et al., Individually and as Copartners Doing Business as CARITY-HOFFMAN ASSOCIATES, Appellants.— Order, entered April 3, 1964, denying defendants' motion to vacate a Referee's order denying their motion for a protective order with respect to the discovery and inspection of certain books, records and documents, modified on the law, on the facts, and in the exercise of discretion, only to the extent of granting a protective order with respect to the income tax returns specified in item (i) of plaintiffs' notice to produce, dated September 17, 1963, and the order is otherwise affirmed, with $30 costs and disbursements to respondents. There is a considerable view that a discovery and inspection will be granted in many classes of cases in advance of the determination of liability (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3120.11). Whether such rule should be generally applied to cases which involve as extensive an inquiry as this one need not be decided. It suffices in the instant case that the record of the proceedings establish that defendants have gone to extraordinary and devious efforts to resist plaintiffs' claims (see related appeals, determined simultaneously with this), and there was, concededly, another and previously incepted joint venture among them. Under such circumstances there is a prima facie showing of sufficient substance to the claims to permit the discovery and inspection even without a prior determination of the issues of liability. On the other hand, the courts do not look with favor on the disclosure of income tax returns in the absence of a showing of necessity or desirability, stronger than was here presented (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.10). Hence, there should be no disclosure at this time on the present showing. Concur — Breitel, J. P., Valente, Stevens and Bastow, JJ.; Eager, J., dissents in part in dissenting memorandum: I would reverse and grant the protective order. Certainly the defendants have every right to vigorously contest this action in which, on the tenuous basis of a disputed oral understanding of an alleged joint venture, the plaintiffs seek to recover $3,250,000 in damages, and I cannot agree that the defendants' efforts in this connection, as disclosed by the record, are so extraordinary or unusual as to be a proper or material factor for consideration in determining the propriety of the order for disclosure. The plaintiffs do not bring this action to obtain an accounting. They insist that it is " an action at law to recover damages for breach of a fiduciary relationship ". The Special Referee, upon directing the discovery and inspection, labeled the action as one " at law to recover damages sustained because of the fraudulent acts of those charged with standing in a fiduciary capacity to the plaintiffs ". On this theory, the action then is in the nature of one to recover damages for the fraudulent acquisition or misappropriation by alleged fiduciaries of a joint venture opportunity. In such an

action, grounded in fraud, the plaintiffs' recovery will be estimated on the basis of their loss at the time of the perpetration of the alleged fraud. The pivotal issue will be as to the value of the joint venture opportunity alleged to have been fraudulently acquired or misappropriated by the defendants. It is true that evidence of prospective profits in the proposed joint venture opportunity may be relevant on such issue but it is equally true that the plaintiffs, on their theory of the action, would not be entitled to have the trial court receive into evidence or direct a detailed accounting by the defendants here. In this connection, it is important to note that the defendants' promotional work in the development and sales of the subject property was a project carried on by them and by their separate though subordinate entities, *after* the alleged breach of their fiduciary duties and without contribution of labor or capital by the plaintiffs. If, however, the plaintiffs intend to abandon the theory of their action as one at law and seek to hold the defendants accountable as constructive trustees in their carrying out of the project, then plaintiffs' remedy is to seek an accounting. If it is this relief that they desire, then, under settled rules they must first establish their right to an accounting before they may have it. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3101.18, 3120.11.) There is, in my opinion, no justification for the allowance at this time of a broad discovery and inspection, without reasonable limitations, of all the journals, cash books, general ledgers, account books, etc., with respect to the dealings in the subject property and of all the corporate records of the defendants and their alleged subsidiaries. Finally, this is the type of situation where the courts should utilize the device of a separate and prior trial of the issues with respect to liability. If liability is not present, then the need of the parties and the court to concern themselves with the question of damages is obviated. The limitless discovery and inspection proposed here, in the nature of a direction for a detailed accounting, will undoubtedly entail extensive use of court time and immeasurably add to the burden of counsel and the expenses of the litigation. All this would be wasted effort and needless expense in the event that it is ultimately decided that the plaintiffs do not have a case. The enlightened trend is toward the separate trial of the issue of liability where such a trial would tend to conserve the time of the courts and promote justice, and this is that kind of a case.