## (October 9, 1973)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE ATTARD, Appellant.— On the court's own motion, its decision herein, dated August 13, 1973, is amended to read as follows: Appeal by defendant from a judgment of the Supreme Court, Kings County, dated December 15, 1972, which convicted him, on a jury verdict, of arson in the second degree. Judgment reversed, on the law and in the interests of justice, and a new trial granted. We are of the opinion that the summation of the Assistant District Attorney was both improper and highly prejudicial and denied defendant a fair trial (*People* v. *Figueroa*, 38 A D 2d 595). Further, the charge by the court concerning the presumption of innocence was confusing in that from it the jury could have been under the erroneous impression that the presumption of innocence obtains " unless and until and *only if* the evidence convinces " the jury of defendant's guilt beyond a reasonable doubt (emphasis supplied; see *People* v. *Rossi*, 14 A D 2d 558). In light of our decision it is not necessary to rule on the claims regarding the posttrial motion for a new trial on the ground of newly discovered evidence. Suffice it to say that CPL 330.40 (subd. 2, par. [f]) requires that the hearing court make findings of fact. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.

■ ROBERT M. GOTTLIEB, Respondent, v. MICHAEL J. FRIEDMAN, Individually and Doing Business as BEVETRONICS VENDING COMPANY, et al., Appellants. — In an action to dissolve a partnership and for an accounting, defendants appeal from an order of the Supreme Court, Rockland County, entered February 5, 1973, which denied defendants' motion to vacate plaintiff's notices to discover defendants' books, etc., and to examine defendants before trial. Order modified by (1) striking from the first decretal paragraph thereof the words "in all respects" and (2) adding to said paragraph, immediately after the words that the motion is "denied", the following: "except that it is granted to the extent that (a) the defendant corporation shall be examined, in the first instance, through a person designated by it, (2) the defendants shall not be required to produce their tax returns at the examination and allow inspection to be made of said returns and (3) defendant Friedman shall not be required to produce and allow inspection of brokerage records or credit cards issued in his name only." As so modified, order affirmed, without costs. The examination and the discovery shall proceed at the place set forth in plaintiff's present notices at times to be fixed in new written notices of not less than 10 days, to be given by plaintiff. In our opinion, plaintiff failed to allege facts showing the necessity or desirability of compelling defendants to produce their tax returns (*Glenmark, Inc.* v. *Carity*, 22 A D 2d 680); nor was plaintiff entitled, in the first instance, to designate the person through whom the corporate defendant shall be examined (*Arett Sales Corp.* v. *Island Garden Center of Queens*, 25 A D 2d 546). Further, though plaintiff has established his right to an accounting, the order at bar, as modified herein, grants him sufficient scope to inquire into evidence material and necessary for that ultimate relief. Munder, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.