■ JAMES E. SMITH, JR., et al., Individually and Doing Business as HELDERBERG LODGE, Respondents, v PROVIDENCE WASHINGTON INSURANCE COMPANY et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered July 30, 1975 in Albany County, which granted plaintiffs' motion for an order of protection with respect to the production of appraisal reports, books and records (including income tax returns for calendar years 1971, 1972 and 1973) contained in defendants' notice of examination before trial. The underlying action seeks recovery upon policies of fire insurance issued by defendant insurance companies for damages sustained by plaintiffs when a building owned by them was destroyed by fire on February 22, 1973. Plaintiffs were served with a notice of examination before trial demanding certain books and records, including income tax

returns for the years 1971, 1972 and 1973, together with all appraisals or estimates with respect to loss or damage and market value of the premises. Special Term granted a motion by plaintiffs for a protective order and this appeal ensued. While the present trend is one of liberality in granting discovery, our courts do not favor the disclosure of income tax returns, absent a strong showing of necessity or desirability. (7 Carmody-Wait 2d, NY Prac, § 42.48; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.10.) The principal issue to be resolved in the underlying action is the amount of plaintiffs' loss as a result of the fire damage to the building and its contents. Section 168 of the Insurance Law limits recovery to the actual cash value of the property at the time of loss, not to exceed the cost to repair or replace. It is significant that plaintiffs have agreed to turn over to defendants any and all records concerning the cost of acquisition of the items of property, exclusive of income tax returns. The issue for our determination, therefore, narrows to what proof is necessary or desirable to establish actual cash value at the time of the fire loss. Defendants rely strongly on *McAnarney v Newark Fire Ins. Co.* (247 NY 176) in urging reversal. They point out that the court in *McAnarney* stated that depreciation was an important factor to consider in determining actual cash value. The standard fire insurance policy at that time, in referring to actual cash value, contained the parenthetical phrase "ascertained with a proper deduction for depreciation". This language has since been eliminated from the standard policies of insurance. In any event, depreciation claimed for income tax purposes does not necessarily include the proper elements, such as obsolescence or deterioration, to reflect a true reduction in worth of the property. In light of Special Term's broad discretion in such matters, we are unable to conclude on this record that he abused his discretion in granting the protective order. We are also of the view that Special Term properly granted an order of protection as to the appraisal reports in question. (CPLR 3101, subds [c], [d].) Order affirmed, with costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.