■  NIAGARA FALLS URBAN RENEWAL AGENCY, Respondent, v SAMUEL FRIEDMAN et al., as Copartners Doing Business as ONE HUNDRED NINE FALLS STREET, Appellants.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: A party will not be required to produce income tax returns in a particular action unless the record presents a strong necessity for such disclosure in order for the party to prove its cause of action or defense *(Gottlieb v Friedman,* 42 AD2d 965; *Glenmark, Inc. v Carity,* 22 AD2d 680; *O'Grady v Burr,* 2 AD2d 712; 7 Carmody-Wait 2d, NY Prac, § 42.48; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.10). Where a strong showing of necessity is established, however, a party will be required to produce income tax returns. Such is the case in a negligence action where an element of damages is loss of income, *(Gilligan v Lepone,* 31 AD2d 630; *Coleman v Myers,* 29 AD2d 727). It may be that plaintiff will need copies of the income tax returns which it had noticed defendants to produce. However, such a determination cannot be made upon the existing record. Plaintiff is required to prepare an appraisal report which it must exchange with defendants. This appraisal report will in all likelihood use the income capitalization method for arriving at a fair market value. The order appealed from requires defendants to produce not only the income tax returns but operating income statements for the years in question. Until it is determined that the operating statements supplied by defendants pursuant to the order are not sufficient to provide plaintiff with the income and expense detail needed to support its income capitalization, it cannot be said that the plaintiff has established a strong necessity for the production of the income tax returns sought, and so plaintiff is not entitled to their disclosure at this time. (Appeal from order of Niagara Supreme Court discovery—protective order.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.