■ RICHARD RIDGEWAY, Appellant, v DOROTHY RIDGEWAY, Respondent. —Appeal from an order of the Supreme Court at Special Term, entered November 23, 1977 in Ulster County, which granted defendant's motion for temporary alimony and support during the pendency of this action. The underlying action herein is for divorce, and during the pendency thereof defendant moved at Special Term for an order directing that plaintiff pay her counsel fees as well as temporary alimony and support for herself and a minor child born of the subject marriage. To the extent of awarding her $125 per week for alimony and support and $300 for counsel fees the court granted defendant's motion in a memorandum decision. Subsequently, in the order entered thereon, however, the court further directed that, in addition to the above-cited alimony, support and counsel fees, defendant also

pay various expenses, i.e., mortgage payments, taxes, insurance and utility expenses, in connection with certain real property owned by the parties. On this appeal, plaintiff contends that Special Term's order must be reversed because it does not conform with the court's written decision. We disagree. Of course, "Any order drawn should be faithful in all respects to the decision" to which it relates (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2220:4, p 148), in the present case the plaintiff, prior to the motion for alimony and counsel fees was voluntarily paid the "various expenses" referred to in the court's order, so it would seem reasonable for the court to include these payments in its order. However, since the decision and order did not strictly conform, a motion to resettle the order was the proper remedy. The purpose of such a motion is to provide a procedure of correction or clarification so that the order may correctly express the decision of the court (7 Weinstein-Korn-Miller, NY Civ Prac, par 5701.25). Accordingly, the order should be affirmed. Order affirmed, with costs, and without prejudice to a motion to resettle the order, if the parties be so advised. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.