■ PETER MAMUNES, Respondent, v REGINALD SZCZEPANSKI et al., Appellants, and THEODORE J. MAMUNES et al., Respondents.—Appeal from orders of the County Court of Broome County, entered June 16, 1978 and July 31, 1978, which dismissed defendants' counterclaim against the additional defendants, struck the notice to take the additional defendants' deposition, denied defendants' motion to strike the notice to take their deposition in Broome County, denied defendants' motion for a protective order and denied defendants' motion to renew their earlier motions. Defendants gave a second mortgage on property they owned to Theodore J. Mamunes, William R. Sterns and Newark Construction, Inc. (additional defendants) who were to build a house thereon for defendants. This mortgage was assigned to the plaintiff. Plaintiff seeks to foreclose on the mortgage in this action. In the counterclaim, the defendants allege an agreement between the additional defendants and defendants to prohibit assignment of the mortgage which agreement was either accidently or fraudulently not reflected in the mortgage. Defendants seek damages for defects in the construction of the house in the counterclaim against plaintiff and the additional defendants. Defendants contend that the dismissal of the counterclaim was error. We agree. CPLR 3019 (subd [a]) permits the service by the defendant of a counterclaim on the plaintiff and "other persons alleged to be liable." The propriety of a particular counterclaim against a third party is best viewed as a matter of the trial court's discretion. However, when the counterclaim is, in some measure, related to the main action, or its outcome would affect the plaintiff in any way, it should be allowed (3 Weinstein-Korn-Miller, NY Civ Prac, par 3019.07). Dismissal of the counterclaim by County Court was an abuse of discretion since it is related to the plaintiff's action. It is a direct claim against the assignors of the mortgage that is the subject of the main action and against their agents who performed the consideration given for the mortgage. Plaintiff offers a second reason for dismissal of the counterclaim. It is argued that the additional defendants' failure to reply to the counterclaim and defendants' failure to cause a default judgment to be entered on the counterclaim within one year of the default should result in dismissal as a matter of course. To grant a dismissal at this juncture would, however, result in a determination not on the merits, leaving the matter open to a later suit by defendants, and would unnecessarily fragment an action already too long delayed. We deem this sufficient reason to decline to dismiss and direct the additional defendants to serve a reply to the counterclaim within 30 days of service of the order entered on this decision. Although it would be logical, in view of the restoration of the counterclaim, to reverse the striking of the notice to take depositions of the additional

defendants, we decline to do so in view of the fact that the notice improperly designated Nassau County as the place of venue. None of the parties reside there or do business there and its designation was improper (see CPLR 3110). Defendants sought an order of protection and/or delay of discovery proceedings on the ground of disability. We find no error in the court's refusal to grant a protective order delaying the oral deposition of defendants or changing venue to Nassau County. The court possesses broad discretion in supervising disclosure. The supporting affidavits were meager on the question of disability of the defendants and were unsubstantiated by medical opinion. Finally, in declining to limit disclosure of certain documents which were to be produced by defendants at the time of deposition, the court acted properly. The documents sought are all related to the repair of the premises and to valuation. These matters are relevant to the counterclaims asserted against the plaintiff. However, in failing to strike the request for income tax returns, the court erred. These are not discoverable unless a showing of strong necessity is made (*Niagara Falls Urban Renewal Agency v Friedman,* 55 AD2d 830; *Gottlieb v Friedman,* 42 AD2d 965; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3101.10). There was no showing of need for the tax returns in this case. They were sought in order to discover the value of the premises. Such information can be obtained by other means. Order, entered June 16, 1978, modified, on the law and the facts, by deleting therefrom the first decretal paragraph and inserting a new decretal paragraph denying the motion to dismiss the counterclaim against the additional defendants and directing the additional defendants to reply to the counterclaim within 30 days of service of the order entered hereon and by striking so much of the fifth decretal paragraph as directed defendants to produce tax returns, and, as so modified, affirmed, without costs. Order, entered July 31, 1978, affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.