■ AUBURN EXTRUSIONS, INC., Appellant, v AUBURN ARMATURE, INC., Respondent.—Order unanimously modified, and, as modified, affirmed, with-

out costs, in accordance with the following memorandum: Plaintiff seeks damages resulting from interference by defendant with plaintiff's supply of electricity (by severing a power line) and, a short time later, from defendant's interference with plaintiff's supply of water (by shutting off the valve in the water line to plaintiff's buildings). Defendant moved for an order to compel plaintiff to supply certain information and plaintiff cross-moved for a protective order. We find no error in Special Term's order denying plaintiff's cross motion (CPLR 3103; *Matter of United States Pioneer Electronics Corp. [Nikko Elec. Corp. of Amer.]*, 47 NY2d 914). The information sought by the defendant was useful to defendant's defense and within reason within the meaning of CPLR 3101 (subd [a]) *(Kenford Co. v County of Erie*, 55 AD2d 466, 469). The damages alleged were the cost of repair for the harm done to a number of plaintiff's manufacturing machines and for the loss of use while being repaired. Plaintiff computed the loss of use by assigning a production value per hour to each damaged machine, less cost of production, times the number of hours lost. At the examination before trial plaintiff's president testified that one of these machines processed items for eight different business firms, the work for most of these firms being done under written contracts. Thus, any written contract having pertinency to loss of use should be produced *(Steitz v Gifford*, 280 NY 15). Furthermore, inasmuch as plaintiff may attempt to establish a claim for loss of profits (see *Steitz v Gifford, supra; Dunlop Tire & Rubber Corp. v FMC Corp.*, 53 AD2d 150), the financial reports of the plaintiff relevant to profit and loss would be "material and necessary" and should be produced *(Rusyniak v Candlewick Constr.*, 63 AD2d 831). There being no showing that plaintiff does not have sufficient financial records without resort to its income tax returns, however, the order should be modified so that no disclosure of income tax returns is required *(Niagara Falls Urban Renewal Agency v Friedman*, 55 AD2d 830; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.10). The order requiring disclosure of the names and addresses of plaintiff's employees in its plant at the time of the power interruption was proper. It does no more than require the disclosure of witnesses' identities (see *Calabrese v Caldwell Dev. Corp.*, 63 AD2d 834; *Zellman v Metropolitan Transp. Auth.*, 40 AD2d 248). The disclosure of the employees' names and their hourly wages would also be relevant to determine the amount of lost profits. Finally, it appears that part of the order requiring plaintiff to disclose the identity of defendant's employee who severed the power line may be a clerical mistake. Defendant did not seek this information from plaintiff; plaintiff sought it from defendant. If this part of the order does not accurately reflect the decision of the court, it should be corrected (see *Ridgeway v Ridgeway*, 64 AD2d 736). Otherwise, since this information was peculiarly within the knowledge of the defendant and outside the knowledge of the plaintiff, this part of the order should be stricken. (Appeal from order of Cayuga Supreme Court— disclosure, etc.) Present—Simons, J. P., Schnepp, Callahan, Witmer and Moule, JJ.