■ MARIANNE MAGGIO, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 62973.) — Cross appeals from orders of the Court of Claims (Murray, J.), entered September 17, 1981 and September 21,

1981, which directed that the State produce certain documents for examination from the parole folder of claimant's alleged assailant and denied claimant's request to obtain from the State certain psychiatric reports concerning the assailant. On August 17, 1977, claimant was allegedly kidnapped, robbed, raped and brutally assaulted by one Lemuel Smith who had been previously convicted of several vicious crimes and was, at the time, on parole and under the supervision of the New York State Parole Board. In March of 1981, an action was commenced by claimant against the State wherein it was alleged that her resultant mental shock, nervous disorders and personal physical injuries were the result of insufficient and negligent supervision of Smith by the State and its agents. Claimant moved for an order directing the State to deliver Smith's parole folder for discovery, inspection and photocopying and, in addition, moved for discovery of certian psychiatric reports concerning Smith which were in the possession of the Ellis Hospital in Schenectady, New York. The court ruled, after an *in camera* inspection of the parole file, that six items therefrom were discoverable and held that the Ellis Hospital psychiatric reports were not discoverable. After delivering three of the items, the State, through a motion for reargument, sought again to deny discovery of three additional items: (1) a three-page letter written by parole officer Early on November 9, 1976 in which he outlined the criminal and psychiatric history of Lemuel Smith; (2) a seven-page report of Smith's parole violations, signed by Officers Beachman and Finkel; and (3) Smith's residence and employment report signed by Officers Beachman and Finkel on April 4, 1975. Claimant again argued for discovery of the psychiatric reports. However, the court denied both motions and adhered to its original decision and both parties appeal from that determination. The State argues that subdivision 2 of section 259 and section 259-k of the Executive Law proscribe discovery of the items sought from the parole file and that Item No. 1 and the psychiatric reports are privileged. We disagree. Initially, we note that the court possesses broad discretion in supervising disclosure (*Mamunes v Szczepanski*, 70 AD2d 684). Moreover, CPLR 3101 (subd [a]) provides that there shall be full disclosure "of all evidence material and necessary". The terms material and necessary are to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity, and though there may be a little more immediacy and substantiality to the word "material" than to "relevant" we believe that a broad interpretation of the words "material and necessary" is proper (*Allen v Crowell-Collier Pub. Co.*, 21 NY2d 403, 406-407). CPLR 3101 (subd [a]) should be construed to permit discovery of testimony which is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable (3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.07, p 31-16). Surely, it cannot be seriously contended that these items and reports would not assist in the preparation for trial or that they are not relevant where, as here, the central issue is whether, taking into account the assailant's condition, perhaps tighter and more extensive control over him should have been provided in the exercise of reasonable care for the protection of the general public. Nor can it be said that their availability would not sharpen the issues and avoid delay. As to the State's argument that subdivision 2 of section 259 and section 259-k dictate the abandonment of the general rules of discovery and prohibit disclosure of the items in the parole file, we disagree. Those provisions are plainly directed to the parole process and there is no indication in their content or legislative history that suggests that the Legislature intended thereby to change or modify the broad disclosure requirements of CPLR 3101 (subd [a]). Those provisions of the Executive Law

have no relation to pretrial discovery procedures and merely authorize the Parole Board to promulgate general rules relating to the confidentiality of its records. The contention that Item No. 1 is not discoverable for the reason that it refers to psychological reports and, therefore, is unavailable under the physician-patient privilege is unavailing since apparently it does not contain information acquired by a physician in'his professional capacity (Richardson, Evidence [10th ed], § 432, p 424). In any event, the State has failed to carry its burden of demonstrating the factors which would justify imposition of the privilege (see *Koump v Smith,* 25 NY2d 287). Lastly, we find that the court erred in not ordering disclosure of the psychiatric reports. We take judicial notice of the fact that Lemuel Smith asserted the defense of insanity at a July, 1978 trial on criminal charges against him arising from the identical incident with which we are concerned and in so doing has waived the physician-patient privilege (*People v Edney,* 39 NY2d 620). "When the patient first fully discloses the evidence of his affliction, it is he who has given the public the full details of his case, thereby disclosing the secrets which the statute [CPLR 4504] was designed to protect, thus creating a waiver removing it from the operation of the statute" (*People v Al-Kanani,* 33 NY2d 260, 264-265). The privilege which the State would have otherwise been able to invoke has surely been waived for the purposes of this litigation. Since these reports, like the items from the parole file, are clearly relevant, the court erred in denying their discovery. Orders modified, on the law and the facts, by reversing so much thereof as denied claimant's motion for discovery of the psychiatric reports from Ellis Hospital, and motion granted with respect to said reports, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Yesawich, Jr., JJ., concur.