■ JOAN BRITON et al., Appellants, v KNOTT HOTELS CORPORATION, Respondent. — Order, Supreme Court, New York County (Martin Evans, J.), entered December 28, 1984, which denied plaintiffs' motion pursuant to CPLR 3122 to strike defendant's notice for discovery and inspection, and directed the production of tax returns requested thereunder, is reversed, on the law, the facts and in the exercise of discretion, with costs, and the motion to strike is granted.

Defendant Knott Hotels owns and operates the Westbury Hotel located at 840 Madison Avenue in Manhattan. Plaintiff Joan Briton owns an interior decorating and antiques establishment, Joan Briton, Inc. Plaintiffs were commercial tenants at the Westbury Hotel from 1951 to 1982. In July of 1981, defendant refused either to renew plaintiffs' lease or to rent them other space. When plaintiffs would not voluntarily vacate the premises, defendant instituted an eviction proceeding. A settlement of that proceeding resulted in plaintiffs' relocation.

Plaintiff, an American citizen, and the corporate plaintiff commenced this action for discriminatory refusal to renew a commercial lease under Executive Law § 296 (5) (b). Plaintiffs allege that the hotel has a policy of leasing only to Europeans or to corporations whose principals are European. Plaintiffs specifically did not include in their complaint any claim for loss of income or profits. This was done in order to protect their privacy and the confidentiality of their tax returns. In an order without an opinion, Special Term denied plaintiff's motion, pursuant to CPLR 3122, for an order striking the hotel's notice for discovery and inspection. The court ordered plaintiffs to produce 1982 personal and corporate tax returns in accordance with a confidentiality order to be agreed upon by the parties.

Disclosure of tax returns is generally disfavored due to their confidential and private nature. The party seeking an order to compel their production must make a strong showing of necessity and desirability. (*Niagara Falls Urban Renewal Agency v Friedman,* 55 AD2d 830 [4th Dept 1976]; *Smith v Providence Washington Ins. Co.,* 51 AD2d 1074 [3d Dept 1976]; *Glenmark, Inc. v Carity,* 22 AD2d 680 [1st Dept 1964]; 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.10.)

Defendant has not made a sufficiently strong showing that the information contained in plaintiffs' tax returns is indispensable to this litigation and unavailable from other sources. First, defendant purports to need the returns to discover whether plaintiffs could have afforded the rent at the Westbury had their lease been renewed. This is an illusory issue. Defendant's contention that plaintiffs lacked financial ability to renew their lease is specious on the present record. It is uncontroverted that plaintiffs have a two-year history of prompt rent payment under their subsequent lease for a comparable space, at 784 Madison Avenue in the vicinity of the Westbury Hotel, at a comparable rental to that indicated by defendant for its space. Moreover, defendant's general manager has testified at a deposition that plaintiffs paid their rent promptly throughout their tenancy at the Westbury. Plaintiffs had, in addition, paid over $100,000 in expenses related to the relocation.

Defendant's second contention, that the tax returns are necessary to discover any tax credits or business deductions taken by plaintiffs for their relocation expenses, is also lacking in merit. Plaintiffs have offered to state that information. Defendant does not establish that such a statement would be inadequate. (*Auburn Extrusions v Auburn Armature,* 74 AD2d 716 [4th Dept 1980]; *but see, Berger v Fete Cab Corp.,* 57 AD2d 784 [1st Dept 1977].) Concur — Sandler, J. P., Ross, Asch, Milonas and Rosenberger, JJ.