■ NANBAR REALTY CORP. et al., Appellants, v PATER REALTY COMPANY et al., Defendants, STEPHEN GREEN et al., Respondents, and HOWARD WAXMAN, Appellant. [661 NYS2d 216] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered December 9, 1996, which directed plaintiff Moe Greenberg to produce for inspection the trust instrument of the Moe

Greenberg Living Trust, and directed plaintiffs to produce 12 years of their tax returns, unanimously reversed, on the law, without costs, and the directions vacated, without prejudice to a formal motion by defendants to compel production of these documents. Order, same Court and Justice, entered January 10, 1997, which denied plaintiffs' motion for discovery of defendants' tax returns, unanimously affirmed, without costs.

This appeal arises out of a dispute among family members concerning the ownership and control of six real estate partnerships. The corporate plaintiffs, Nanbar Realty Corp. and Philrae Realty Corp., were formed by, and succeeded to the interests of, founding partner Philip Green (now deceased) and are owned by his wife and daughters, one of whom is married to the additional defendant, Howard Waxman. The first action was brought by Nanbar Realty Corp. and the Moe Greenberg Living Trust (which purportedly holds an interest in the disputed partnerships) seeking dissolution of Pater Realty Company, one of the subject entities. Defendants take the position that, upon the death of the family patriarch, Abraham Feirstein, in 1983, Green took over the partnership, installing his son-in-law, Howard Waxman, as manager. They allege that they were excluded from management of the partnership and that Green misused partnership funds for his personal purposes and sought to deprive defendants of their partnership interests. The subsequent action was commenced by the corporate plaintiffs, the trust and Philip Green, seeking a declaratory judgment regarding the composition of the various partnerships and the rights of the respective partners.

At issue on this appeal is the propriety of Supreme Court's order directing production of plaintiffs' tax returns on the ground that they are "material and necessary and sufficiently related to the issues in litigation to require their disclosure", as defendants contend. As a general rule, " 'material and necessary' " is accorded a liberal construction (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406). However, because of their "confidential and private nature" (*Roth v American Colonial Ins. Co.*, 159 AD2d 370), disclosure of tax returns is disfavored, and defendants are required to establish that the information contained in the returns they seek "is indispensable to this litigation and unavailable from other sources" (*Briton v Knott Hotels Corp.*, 111 AD2d 62, 63; *see also*, *Haenel v November & November*, 172 AD2d 182). Consistent with this authority, the party seeking to compel production of a tax return must identify the particular information the return will contain and its relevance, explain why other possible sources of the infor-

mation sought are inaccessible or likely to be unproductive and limit examination of the return to relevant material through redaction of extraneous information (6 Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.10a).

The record on appeal is insufficient to support the production of any tax return by any party to this litigation. Defendants simply made the argument before Supreme Court that the corporate returns were necessary "because both of those corporations allege themselves to be partners in the partnerships which are the subject of these cases [and] we claim they are not", to which the court added, "And you want to see whether or not they list any income from the partnership." Apart from the lack of specificity in their request for these documents, defendants failed to state why the partnerships' K-1 forms were insufficient for this purpose. As to the trust instrument, it has not been demonstrated that it would be instructive on the issue of whether the trust or Moe Greenberg personally was admitted as a partner, and similar privacy concerns are raised by the potential revelation of the persons who will receive Mr. Greenberg's assets upon his death. Concur—Milonas, J. P., Rosenberger, Wallach, Nardelli and Rubin, JJ.