State of N.Y., City of N.Y., ex rel. Campagna v Post Integrations, Inc. (2019 NY Slip Op 00700)





State of N.Y., City of N.Y., ex rel. Campagna v Post Integrations, Inc.


2019 NY Slip Op 00700


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


100516/14 -8307N 8306 8305

[*1] State of New York, City of New York, etc., ex rel. Leonard M. Campagna, Plaintiff-Respondent,
v
Post Integrations, Inc., et al., Defendants-Appellants.


Hodgson Russ LLP, Buffalo (Aaron M. Saykin of counsel), for appellants.
Law Offices of Joshua Parkhurst, New York (Joshua Parkhurst of counsel), for respondent.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered January 8, 2018, and orders (same court and Justice), entered January 31, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to compel discovery of alter ego/veil piercing documents and defendants' federal tax returns and corporate financial documents, and denied defendants' cross motion to strike plaintiff's discovery demands, unanimously affirmed, without costs.
The trial court's discovery determinations, unattended by error of law or abuse of discretion, should not be disturbed on appeal (Forman v Henkin, 30 NY3d 656, 662 [2018]).
Discovery concerning the alter ego/veil piercing allegations is appropriate at this stage (see First Bank of Ams. v Motor Car Funding, 257 AD2d 287, 293-294 [1st Dept 1999]).
Plaintiff established his entitlement to defendant Post Integrations' federal tax returns, which allegedly contain some of the misrepresentations at issue (see Gama Aviation Inc. v Sandton Capital Partners, LP, 113 AD3d 456, 457 [1st Dept 2014]; Nanbar Realty Corp. v Pater Realty Co., 242 AD2d 208, 209-210 [1st Dept 1997]).
Defendants' financial statements are central to the claims under New York's False Claims Act (Finance Law § 189[1]). Their argument that documents lacking a clear New York nexus are irrelevant misses the point of the allegations that defendants intentionally sought to avoid the payment of New York franchise and corporate taxes.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK