| |
|---|
| **Matter of Eisler (Tannenbaum)** |
| 2024 NY Slip Op 30545(U) |
| February 16, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2019-4396/A |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

New York County Surrogate's Court
DATA ENTRY DEPT.

FEB 16 2024

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
In the Matter of the Account of Bonnie E. Eisler as executor
of the estate of

JUDITH TANNENBAUM,

DECISION & ORDER

File No. 2019-4396/A

Deceased.

------------------------------------------------------------------------x

GINGOLD, S.

The following papers were read in determining this motion:

Papers Numbered

Notice of Motion dated December 20, 2022 – Affirmation of
Tamar Sheffer dated December 20, 2022 and Exhibits –
Memorandum of Law dated December 20, 2022                   1-3

Affirmation of Brian Thomas McCarthy dated December 22, 2023
And Exhibits – Affirmation of Michael P. Ryan dated
December 21, 2023                                            4-5

Affirmation of Tamar Sheffer dated January 10, 2024           6

In this probate proceeding, objectant Sidney Perew, as trustee of the Ari Tannenbaum

Supplemental Needs Trust, moves pursuant to CPLR 3124 to compel petitioner, Bonnie Eisler, as

executor of decedent's estate, and respondents Clifford Eisler, Bonnie Eisler and Paul Smolevitz,

as trustees of the Benjamin R. Eisler 2015 Trust and as trustees of the Kimberly F. Eisler Glaser

2015 Trust, to produce documents in response to his demands dated April 13, 2022. Petitioner and

respondents oppose the motion.

Background

Decedent died on October 6, 2019, survived by her daughter, Bonnie Eisler, and her son,

Jeffrey Tannenbaum, as her sole distributees. Under the terms of her will, executed on August 15,

2016, decedent left her entire residuary estate (after the payment of funeral and administration expenses) to the Judith Tannenbaum Revocable Trust ("Trust"), which was created on the same date. Upon the grantor's death, the residuary assets in the Trust are to be distributed to sub-trusts created for the benefit of decedent's grandchildren, namely the Ari Tannenbaum Supplemental Needs Trust, the Benjamin R. Eisler 2015 Trust, and the Kimberly F. Eisler Glaser 2015 Trust. Decedent nominated her daughter, Bonnie Eisler, as executor in her will and as decedent's successor trustee of the Trust.

Decedent's will was admitted to probate on May 28, 2020 and on May 13, 2021, petitioner commenced this proceeding seeking judicial settlement of her account as executor of the estate. Sidney Perew, as trustee of the Ari Tannenbaum Supplemental Needs Trust, filed objections to the account on September 27, 2021. The objections are based on the executor's failure to include, as an asset of the estate, $500,000 which decedent allegedly invested to purchase an apartment owned by the Eisler Family Trust.

On April 13, 2022, Objectant served document demands on petitioner and respondents seeking all documents related to the decedent's alleged investment in the property, all tax returns filed by the Eisler Family Trust, decedent, her husband, Bonnie Eisler, and her husband, Clifford Eisler, and all documents related to the property since 2007. Respondents Clifford Eisler, Bonnie Eisler and Paul Smolevitz, as trustees of the Benjamin R. Eisler 2015 Trust and as trustees of the Kimberly F. Eisler Glaser 2015 Trust, served responses to the demands and objected to producing any documents on the grounds that the demands were overbroad and irrelevant. Bonnie Eisler, as executor of decedent's estate, did not respond to the document demands.

Objectant now moves pursuant to CPLR 3124 to compel respondents and petitioner to produce documents in response to its demands. Respondents oppose the motion, arguing that most

2

of the objectant's requests refer to a property that is not the subject of this litigation. Respondents also contend that the remaining demands seeking tax returns are improper. Petitioner also filed opposition to the motion to compel, arguing that document discovery is unwarranted because decedent allegedly waived the repayment of her investment in the property.

Discussion

CPLR 3101(a) provides for "full disclosure of all matter material and necessary in the prosecution or defense of an action. The phrase "material and necessary" is "interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" *(Allen v Crowell-Collier Publ*, 21 NY2d 403, 406 [1968]). While the disclosure rules are liberal, case law has long recognized an exception regarding the disclosure of tax returns for which disclosure is disfavored *(Nanbar Realty Corp v Pater Realty*, 242 AD2d 208, 209-10 [1st Dept 1997]). Thus, a party seeking to compel the production of tax returns must make a strong showing of "overriding necessity" and establish that the information is unavailable from other sources *(Id)*.

Turning to the objectant's document demands, requests #1 and 7-21 seek documents related to the "Subject Premises" which is defined as 200 Broadway, Apt. 4D, New York, New York. However, the decedent's $500,000 investment was for a property located at 2000 Broadway, Apt. 4D, New York, New York. Thus, objectant must amend the demands to correctly identify the relevant property.

Objectant also seeks the production of tax returns from the Eisler Family Trust, decedent, her husband, Bonnie Eisler, and her husband, Clifford Eisler, since 2007. However, Objectant has

3

not articulated why these returns are relevant, much less established an overriding necessity for this information. Thus, the motion to compel is denied with respect to these requests.

Accordingly, it is

ORDERED that the motion to compel is denied without prejudice with respect to requests #1 and 7-21, subject to objectant reserving amended document demands withing 30 days; and it is further

ORDERED that the motion to compel is denied with regard to requests #2-6; and it is further

ORDERED that the parties shall appear for a settlement conference on March 7, 2024 at 2:30 in person in Room 401, 31 Chambers Street, New York, New York; and it is further

ORDERED that all attending counsel must have the authority to settle the matter and be able to contact their clients during the conference.

Dated: February ___16th___, 2024

_____
SURROGATE

To:

Michael P. Ryan, Esq.
Jaspan Schlesinger Narendran LLP
300 Garden City Plaza, 5th Floor
Garden City, New York 11530
(517) 746-8000
mpryan@jaspanllp.com
*Attorney for Petitioner Bonnie E. Eisler, Executor*

Keren Mashiah, Esq.
Mashiah & Sheffer, LLP
195 Montague Street, Suite 1120
Brooklyn, New York 11201
(718) 328-3800
tamars@mymslaw.com
*Attorney for Respondent Sidney Perew, as*

4

[* 4]

*trustee of the Ari Tannenbaum Supplemental Needs Trust*

Brian McCarthy, Esq.
Abrams Fensterman, Fensterman, Eisman, Formato,
Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
(516) 328-2300
bmccarthy@abramslaw.com
*Attorney for Respondents Clifford R. Eisler,*
*Bonnie A. Eisler, and Paul R. Smolevitz, as trustees*
*of the Benjamin R. Eisler 2015 Trust and as trustees*
*of the Eisler Glaser 2015 Trust*

[* 5]