# Lefko Invs., LLC v Jungreis

## 2026 NY Slip Op 30904(U)

### March 6, 2026

### Supreme Court, New York County

### Docket Number: Index No. 650936/2024

### Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** HON. ARLENE P. BLUTH | **PART** 14 |
| *Justice* | |

-------------------------------------------------------------------------------X

LEFKO INVESTMENTS, LLC,

                    Plaintiff,

              - v -

BARUCH JUNGREIS, CAMBRIDGE FUNDING SOURCE, LLC,JUNGREIS GROUP, LLC,VERTEX FUNDING LLC

                 Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650936/2024 |
| **MOTION DATE** | 03/04/2026 |
| **MOTION SEQ. NO.** | 003 004 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 128

were read on this motion to/for                   DISCOVERY          .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 84, 85, 86, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 106, 129

were read on this motion to/for                   DISCOVERY          .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 87, 88, 89, 100, 101, 102, 103, 104, 105, 124, 125, 126, 127, 130, 131, 132, 133, 134, 135

were read on this motion to/for                   DISCOVERY          .

Motion Sequence Numbers 003, 004 and 005 are consolidated for disposition.

They are decided as described below.

**Background**

In this action, plaintiff contends that defendants are in the merchant cash advance business. It argues that they provide working capital to small business owners. Plaintiff alleges that it entered into an agreement with defendant Cambridge in which defendants would enter into merchant agreements with other individuals or entities and that any profits on these agreements would be split between plaintiff and defendant Cambridge.

650936/2024 LEFKO INVESTMENTS, LLC vs. JUNGREIS, BARUCH ET AL
Motion No. 003 004 005

Page 1 of 6

1 of 6

Plaintiff says that it sent over $500,000 to Cambridge between November 2021 and October 2022. It claims that it acquired an assignment of payments and claims from a different entity its principals control (called First Rate) and that First Rate had made similar investments with defendant Vertex that totaled $430,000. Plaintiff also says it invested some money directly with defendant Jungreis. It complains that despite assurances from Jungreis, it never received the promised return on its investments and its requests for accountings or information was rebuffed.

In MS003, defendants seek to compel plaintiff to respond to certain document requests and for sanctions. They contend that plaintiff has routinely failed to turn over key documents at issue in this case. Defendants argue that plaintiff has seemingly changed its position to back away from relying upon written agreements as discussed in the complaint.

Defendants contend that plaintiff has not turned over records relating to financial and internal accounting to show the purported investments at the heart of plaintiff's claims. They complain that plaintiff has not disclosed requested documents about the purported assignments, which defendants say is critical because it relates to plaintiff's standing to bring certain claims.

In opposition, plaintiff contends that the investments it refers to in the complaint were informal and that defendants did not, for example, generate a prospectus or some sort of partnership agreement. It argues that defendants request documents that simply do not exist. Plaintiff argues that it produced records to show that certain money was wired and WhatsApp discussions showing the nature of the agreement.

Plaintiff maintains that it supplemented its document production to include an account ledger from First Rate (an entity that invested and then purportedly assigned its collection rights to plaintiff)

650936/2024   LEFKO INVESTMENTS, LLC vs. JUNGREIS, BARUCH ET AL          Page 2 of 6
Motion No.  003 004 005

2 of 6

In MS004, plaintiff seeks a protective order with respect to defendants' requests for tax documents and drafts of assignment agreements prepared by plaintiff's attorney.

In MS005, plaintiff seeks sanctions and to compel defendants to produce records regarding, basically, what defendants did with the money plaintiff says it (or its related entities) invested with defendants.

Defendants claim that they produced what actually exists and cannot be compelled to produce any more documents.

**Discussion**

As an initial matter, the Court denies all requests for sanctions. It is quite obvious that this litigation contains a fair amount of acrimony between the parties and the attorneys. That is not a basis for sanctions.

Given that, in general, both parties maintain that they have produced everything that is in their custody possession and control, the Court directs as follows. Both plaintiff and defendants shall execute a *Jackson* affidavit detailing their efforts to search for and disclose the requests that are the subject of the instant motions. As the parties point out, this Court cannot force parties to turn over documents that they claim do not exist. These *Jackson* affidavits shall be turned over on or before March 26, 2026.

The Court recognizes that both parties seem to believe that the other side "must" have the documents requested. Plaintiff thinks that defendants should have records about what happened to the investments while defendants are certainly correct to question plaintiff's proof of these investments in the first place. However, it may be, as plaintiff suggests, that these deals were informal and not subject to the typical record keeping as might be expected in financial

650936/2024   LEFKO INVESTMENTS, LLC vs. JUNGREIS, BARUCH ET AL          Page 3 of 6
Motion No.  003 004 005

3 of 6

transactions. And, as defendants accurately opine, if plaintiff cannot prove it invested money, than it might be challenging to prevail in this case.

Therefore, in this Court's view, it would be entirely more productive for the parties to begin depositions and question each other about the investments, how record keeping was done and to inquire about how money was transferred and handled. Making broad, albeit routine, requests for documents does not seem to have helped the parties narrow the issues for trial. Making targeted requests based on responses to deposition questions will hopefully expedite discovery.

The two remaining issues are defendants' requests for tax records and for drafts of the various assignments that plaintiff says are privileged.

"[B]ecause of their confidential and private nature, disclosure of tax returns is disfavored, and defendants are required to establish that the information contained in the returns they seek "is indispensable to this litigation and unavailable from other sources. Consistent with this authority, the party seeking to compel production of a tax return must identify the particular information the return will contain and its relevance, explain why other possible sources of the information sought are inaccessible or likely to be unproductive and limit examination of the return to relevant material through redaction of extraneous information" (*Nanbar Realty Corp. v Pater Realty Co.*, 242 AD2d 208, 209-10, 661 NYS2d 216 [1st Dept 1997] [internal quotations and citations omitted]).

The Court finds that defendants did not meet their burden to show that they are entitled to the tax records. In their opposition to MS004, defendants claim that they need the records "because Plaintiff claims there are no other financial records reflecting the investments, and the

tax treatment of the alleged investments directly tests Plaintiff's claims. If treated as business expenses, compensation, or otherwise (not investments), Plaintiff may be estopped from asserting entitlement to principal/profit" (NYSCEF Doc. No. 106 at 7-8). That is not a sufficient reason to require disclosure. How plaintiff may, even if incorrectly done, treated these investments from a tax perspective has little to do with the factual issues in this case—namely whether or not plaintiff can establish the claimed investments, the terms of those financial transactions and whether (and to what extent) it is entitled to recover monies. In other words, defendants did not adequately explain how plaintiff would be barred from recovering profits based on tax records or how an alleged tax issue would somehow invalidate the investment agreements supposedly entered into between the various parties.

The Court also finds that defendants are not entitled to the drafts of the subject assignment agreements in Word format because they are privileged. Plaintiff explains that it provided the requested information in a ".png" format for each of the assignment agreements but resisted doing so in Word format because it would revel metadata about any changes and comments from attorneys, thereby revealing privileged information.

Defendants did not raise a sufficient reason for the production of this information in their opposition. They contend that the assignments are facially suspect and so they want to explore the veracity of these documents and thereby probe plaintiff's standing to bring this case. But defendants do not claim that multiple entities are seeking recovery based on these investments—thereby raising a significant issue about the veracity of the assignments. Defendants can certainly ask about the assignments at a deposition as well. But defendants did not sufficiently tie their desire for this information to a material part of this case.

650936/2024   LEFKO INVESTMENTS, LLC vs. JUNGREIS, BARUCH ET AL          Page 5 of 6
Motion No.  003 004 005

5 of 6

Accordingly, it is hereby

ORDERED that defendants' motion to compel (MS003) and plaintiff's motion (MS005) to compel are denied, except that both plaintiff and defendants shall produce a *Jackson* affidavit with respect to the discovery requests at issue here on or before March 26, 2026; and if it further

ORDERED that plaintiff's motion for a protective order (MS004) is granted with respect to the requests for tax records and the Word format files relating to the subject assignment agreements.

See NYSCEF Doc. No. 70 regarding the next conference.

| | | |
|---|---|---|
| **3/6/2026** | | |
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

650936/2024   LEFKO INVESTMENTS, LLC vs. JUNGREIS, BARUCH ET AL
Motion No.  003 004 005

Page 6 of 6

6 of 6

[* 6]