JOSEPH V. SCHETTINO, Respondent-Appellant, v ELEANOR B. ALTER et al., Respondents, and FREDERICK MILLER et al., Appellants-Respondents, et al., Defendants

The Clients' Security Fund (hereinafter the Fund) was established by legislation enacted in 1981 "to promote public confidence in the administration of justice and integrity of the legal profession by reimbursing losses caused by the dishonest conduct of attorneys admitted and licensed to practice law in the courts of New York State" (22 NYCRR 7200.1). It is funded by the registration fee paid by attorneys and administered by a seven-member board of trustees appointed by the Court of Appeals (22 NYCRR 7200.2, 7200.4). The trustees have the power to examine witnesses and hold hearings to

determine the merits of claims and the amount of any reimbursement (22 NYCRR 7200.4). Notice is given to the attorney whose conduct gives rise to the claim and he or she has the opportunity to respond and the right to be heard upon request (22 NYCRR 7200.10). Although

"all claims and proceedings and the records relating thereto shall be sealed and confidential * * *

"[t]he trustees' final determination awarding reimbursement of a claim shall be a public record" (22 NYCRR 7200.15 [a], [c]).

Underlying the instant action is a claim for reimbursement filed with the Fund by the defendant Livreri and her attorney, the defendant Becker, which misnamed the attorney who defrauded the claimant and was subsequently disbarred. The plaintiff, whose name erroneously appeared in a press release from the Fund listing numerous reimbursement awards and the attorneys responsible, which notice was published in two newspapers, is a member of the Bar in good standing. Claiming injury to his reputation and profession as a result of that publication which falsely accused him of theft and erroneously stated that he had been disbarred, the plaintiff sued the claimant and her attorney, and the trustees and executive director of the Fund, seeking damages for defamation. The respondents and the appellants-respondents moved to dismiss on the ground of immunity, but the Supreme Court granted only the motion of the trustees *(Schettino v Alter, supra)*. We now grant dismissal as to the appellants-respondents.

The communications of participants in public functions such as judicial, legislative or executive proceedings are immune from liability in a defamation action *(see, Toker v Pollak,* 44 NY2d 211, 219), provided only that the communications are material and pertinent to the issues involved *(see, Wiener v Weintraub,* 22 NY2d 330, 331). As the Court of Appeals has stated, "the perceived social benefit in encouraging free speech or the discharge of governmental responsibility sometimes outweighs the individual's underlying right to a good reputation" and bars recovery of damages for defamatory statements *(Park Knoll Assocs. v Schmidt,* 59 NY2d 205, 208, *on remand* 99 AD2d 772). This immunity applies to the participants in judicial proceedings as well as to those involved in administrative proceedings in which the administrative body performs "quasi-judicial" functions such as holding hearings resulting in remedial action *(see, e.g., Wiener v Weintraub, supra* [complaint to grievance committee of Bar Association]; *Julien J. Studley, Inc. v Lefrak,* 50 AD2d 162, *affd* 41 NY2d 881

[complaint to agency licensing real estate brokers]; *Jafar v Blue Cross Blue Shield,* 129 Misc 2d 584, *affd* 125 AD2d 1015 [statements made at Medicare overcharge hearing]; *but cf., Toker v Pollak, supra* [complaint to District Attorney subject to qualified privilege]). It is clear that proceedings with regard to claims filed with the Fund possess significant judicial attributes such as notice, hearing and the power to award compensation *(see,* 22 NYCRR part 7200). For this reason and because of public policy which favors the disinterested and fair resolution of legitimate claims by people defrauded by attorneys, we find that a claim against the Fund constitutes a quasi-judicial proceeding affording its participants an absolute privilege. Thus, the statements of the respondents and the appellants-respondents are immune from recovery of damages for defamation. Weinstein, J. P., Rubin, Spatt and Sullivan, JJ., concur.