■ ESTELA BATAC, Respondent, v ASSOCIATED SECURITY SPECIALISTS, Appellant and Third-Party Plaintiff, et al., Third-Party Defendant.—Order, Supreme Court, Bronx County (Anita R. Florio, J.), entered on or about March 24, 1989, which

denied defendant Associated Security Specialists' (Associated) motion for summary judgment, unanimously affirmed, without costs.

Plaintiff, a registered nurse employed by third-party defendant St. Barnabas Hospital, brought a personal injury action against defendant Associated, a security guard agency, which supplied security guards to St. Barnabas to supplement the hospital's already existing security force. Plaintiff was injured by an intruder in her dormitory residence which was owned and operated by St. Barnabas.

Associated moved for summary judgment dismissing the complaint on the grounds that it owed no duty to protect plaintiff, and that its guards were special employees of St. Barnabas and not under Associated's control. Associated argued that pursuant to its oral agreement with the hospital, St. Barnabas was to assume full responsibility for the control, supervision, instruction and stationing of all security personnel on its premises, including those guards supplied by Associated.

Summary judgment is a drastic remedy available only where there clearly appear to be no triable issues of fact *(Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57); the court's role is issue finding rather than issue determination *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395).

Plaintiff's proof that Associated issued written standing orders to its security guards at St. Barnabas raises a triable issue of fact regarding the extent of Associated's supervision of its guards. This is so, particularly where, as here, the intent of the contracting parties respecting the duties to be owed by each party has not been reduced to a written agreement.

Plaintiff was not required to lay bare her proof as to the proximate cause of her injury since Associated failed to raise the defense of lack of proximate cause in its summary judgment motion *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Smith, JJ.