■ DONALD P. DENNIS, Appellant, v ST. PETER'S HOSPITAL et al., Respondents, et al., Defendants.—Mercure, J. Appeal from an order and judgment of the Supreme Court (Kahn, J.), entered October 5, 1989 in Albany County, which, inter alia, granted motions of defendants St. Peter's Hospital, John B. Fortune, Jeffrey Perkins and David Lieberman for summary judgment dismissing the complaint against them.

On January 28, 1982, plaintiff sought medical treatment from defendant David Lieberman, a specialist in internal medicine, giving a history of weight loss and fatigue over the previous six weeks. Although a physical examination performed at the time was unremarkable, Lieberman felt that plaintiff was chronically ill and ordered a complete blood count and chest X ray. The blood tests showed an elevated white cell count, signifying, generally, an inflammatory response in the body, and the X ray disclosed a mass in the upper lobe of plaintiff's left lung. Accordingly, Lieberman arranged to have plaintiff admitted to defendant St. Peter's Hospital for further testing. Due to Lieberman's absence at the time, plaintiff was admitted to the hospital on February 7, 1982 by his partner, defendant Jeffrey Perkins, also an internist. Despite further inconclusive test results, based upon the X-ray findings, plaintiff's history of heavy smoking, weight loss

and fatigue, and a demonstrated clubbing of his fingernails and toenails, Perkins made a preliminary diagnosis of cancer of the lung. After consultation with defendant Harvey W. Kausel, a thoracic surgeon, a decision was made to have Kausel perform a bronchoscopy, which also proved inconclusive. Following further tests to rule out the spread of the suspected cancer to the brain and other parts of plaintiff's body, a decision was made to have Kausel perform exploratory surgery. The surgery disclosed a hard baseball-sized mass and multiple abscesses and fungi in plaintiff's lung. Based upon the size and location of the mass and the impracticality of less intrusive measures, Kausel made a decision to remove plaintiff's entire left lung. Subsequent pathological examination of the lung and the mass disclosed not cancer but active organizing pneumonia.

Plaintiff commenced this action alleging medical malpractice against Lieberman, Perkins and their partnership, in addition to Kausel, John B. Fortune, a physician employed by St. Peter's Hospital who assisted Kausel in the surgery, and St. Peter's Hospital. Following discovery, all defendants except Kausel moved for summary judgment dismissing the complaint against them. Because Lieberman died during the pendency of the action, plaintiff cross-moved for an order substituting his personal representative as a party. Supreme Court granted summary judgment in favor of all moving defendants (hereinafter collectively referred to as defendants) and denied the cross motion as academic, giving rise to this appeal.

We affirm. In support of the motion, defendants came forward, *inter alia*, with excerpts from examinations before trial of Lieberman, Perkins, Kausel and Fortune and expert affidavits of Dr. Arnold Slowe and Dr. William Craver which established, prima facie, defendants' freedom from negligence in their treatment of plaintiff. The burden thus shifted to plaintiff to produce evidentiary proof in admissible form establishing the existence of material questions of fact *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 326-327; *Zuckerman v City of New York,* 49 NY2d 557, 562). It is plaintiff's contention that this burden was satisfied by an affidavit of Dr. Jack Davies containing his opinion, regarding Lieberman and Perkins, "that the treatment rendered the plaintiff deviated from the acceptable medical standards as they existed at the time of treatment, in that the elevated white blood cell count indicated infection that should have been treated", and that, with respect to the decision to remove the lung, "they were indeed

responsible for the surgical referral, the improper diagnosis and failure to treat the then existing medical condition". A separate affidavit contains Davies' opinion that Fortune "had a duty to evaluate all tests done in contemplation of the [removal of the lung] * * * and to confer * * * with Dr. Kausel so as to plan the most appropriate intervention within the acceptable standards of medicine that existed at the time".

This will not suffice. Notably, Davies does not refute, or even address, defendants' evidentiary showing that the elevated white blood cell count was as consistent with carcinoma as with an infection or offer the opinion that, based upon plaintiff's history, signs and symptoms, the preliminary diagnosis of lung cancer constituted a departure from the accepted standard of care in the medical community. Moreover, Davies, by his reference to "infection", chooses to ignore the uncontradicted fact that plaintiff's lung contained active organizing pneumonia with numerous abscesses and Kausel's testimony that "[s]omething like this is not going to respond to all the antibiotics in the world". Similarly, Davies does not contradict Kausel's opinion that this mass, whether cancer or pneumonia, had to be removed and that under the circumstances this could not be accomplished without removal of the entire lung. Finally, the assertion that Fortune, a resident in surgery, was somehow negligent in not preventing Kausel's actions, is specious.

In our view, Supreme Court was correct in its grant of summary judgment in favor of the moving defendants and in its determination that the cross motion was thereby rendered academic.

Order and judgment affirmed, without costs. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.