■ LE SANNOM BUILDING CORP. et al., Appellants, v PETER DUDEK et al., Respondents.—Judgment, Supreme Court, New York County (Myriam Altman, J.), entered August 14, 1991, which, *inter alia,* granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and denied plaintiffs' cross-motion for summary judgment pursuant to CPLR 3212 as premature, is unanimously affirmed, without costs.

The appeal from the order of the same court, entered August 2, 1991, is dismissed as subsumed by the judgment, without costs.

Plaintiffs, the owner and managing agent of a building that has been designated as an interim multiple dwelling pursuant to article 7-C of the Multiple Dwelling Law, bring this action for defamation and civil conspiracy against the last remaining residential tenants of the building. The first cause of action, based on a letter written by defendants' attorney to the New York City Loft Board accusing plaintiff managing agent of having lied to the Board, is not actionable, the communication

being absolutely privileged having been made by a party or attorney in a quasi-judicial proceeding concerning a matter material and pertinent to the proceeding, namely, plaintiff's credibility *(Park Knoll Assocs. v Schmidt,* 59 NY2d 205, 209-210; *Schettino v Alter,* 140 AD2d 600).

The second cause of action, wherein plaintiffs quote a portion of a prior decision by the IAS court in another action between these parties, which paraphrased statements made by one of the defendants to the Loft Board, does not set forth the alleged defamatory words *in haec verba* as required by CPLR 3016 (a) *(Monsanto v Electronic Data Sys. Corp.,* 141 AD2d 514, 516); in any event, the alleged slanderous statements were made to the Loft Board in a quasi-judicial administrative proceeding, and are absolutely privileged *(Schettino v Alter, supra).*

The third cause of action, alleging that defendants conspired to deprive plaintiff-owner of rent and otherwise damage its business, was properly dismissed since New York does not recognize an independent tort of civil conspiracy, and no specific wrongful acts constituting an independent tort are alleged *(Alexander & Alexander v Fritzen,* 68 NY2d 968).

We have reviewed the plaintiffs' remaining claims and find them to be without merit. Concur—Ellerin, J. P., Wallach, Ross, Asch and Smith, JJ.