■ DALE LINDEMAN, Respondent, v JAMES A. SLAVIN et al., Defendants, and JOAN CAMERON, Appellant.—Crew III, J. Appeal from an order of the Supreme Court (Keniry, J.),

entered July 16, 1991 in Rensselaer County, which denied defendant Joan Cameron's motion for summary judgment dismissing the complaint against her.

In this medical malpractice action plaintiff claims, *inter alia,* that defendant Joan Cameron acted negligently in assisting in an arthroscopy performed on plaintiff at Leonard Hospital in the City of Troy, Rensselaer County, on March 28, 1983, resulting in his contracting a staph coagulase infection. Cameron moved for summary judgment and submitted in support thereof her deposition testimony, her supporting affidavit and the affidavit of Bryan Bilfield, a physician. Insofar as pertinent, Bilfield's affidavit provides that "[b]ased upon my* experience and knowledge, it is my opinion that the HOSPITAL and its staff provided utensils, equipment, solutions and bandages clean, sterilized, and/or disinfected as appropriate and consistent with the standard of care applicable for arthroscopic procedures". The bare conclusory assertion by Bilfield that Cameron acted appropriately and consistent with the accepted standard of care, with no factual relationship to the alleged injury, is insufficient to entitle Cameron to summary judgment *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853).

Cameron's deposition testimony and her affidavit make it clear that she has no present recollection of the operative procedure in question. However, she does aver in her affidavit that she observed all of the prescribed procedures for handling the surgical equipment in question, including those procedures prescribed by the hospital for sterilization of such equipment. Cameron seems to contend on this appeal that this averment constitutes evidence of habit or regular usage evidencing her appropriate conduct during the operation in question. We disagree. While it is clear that evidence of repetitive conduct is admissible in a malpractice action "as a means of establishing one's conduct on a particular occasion" *(Rigie v Goldman,* 148 AD2d 23, 27), the party seeking to offer such evidence must demonstrate a sufficient number of instances of such conduct in question to demonstrate a deliberate and repetitive practice *(see, Halloran v Virginia Chems.,* 41 NY2d 386, 392), which Cameron has not done. Moreover, even if Cameron's affidavit could be seen to satisfy that predicate, such proof merely provides a basis for the jury to draw a permissible inference in favor of Cameron and cannot be the basis for judgment as a matter of law *(see, supra).*

Mikoll, J. P., Levine, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.