■ WAYDE BUSH, Respondent, v ST. CLARE'S HOSPITAL, Appellant, et al., Defendants. [596 NYS2d 203] —Weiss, P. J. Appeal from an order of the Supreme Court (Conway, J.), entered March 10, 1992 in Albany County, which denied defendant St. Clare's Hospital's motion for summary judgment dismissing the complaint against it.

Plaintiff was admitted to defendant St. Clare's Hospital by defendant John Dolan, an orthopedic surgeon, for scheduled spinal fusion surgery on April 1, 1982. Seven weeks after the surgery and five weeks after discharge plaintiff was readmitted for a tingling in his right leg and a dropped right foot, suggestive of nerve root irritation. The ultimate diagnosis was that the symptoms were the result of a pseudoaneurysm apparently caused by trauma to the superior gluteal artery when it was stretched during the elevation of the gluteus maximus muscle to facilitate access for a bone graft. The weakened artery stopped bleeding but when plaintiff became active after his discharge from the hospital, bleeding resumed. The ballooned portion of the superior gluteal artery caused pressure on the sciatic nerve. Plaintiff commenced this action for medical malpractice alleging, inter alia, that the surgery by Dolan had been performed in a negligent and careless manner and that the hospital was negligent in its oversight of Dolan, whom it knew or should have known lacked qualification to treat plaintiff.

In support of its motion for summary judgment dismissing the complaint against it, the hospital submitted the July 25, 1991 report of the medical malpractice panel which unanimously concluded that neither Dolan nor the hospital could be

held liable for medical malpractice. The hospital also submitted the affidavit of its expert witness Jon Toussaint, an orthopedic specialist, who examined the medical records, reviewed the transcript of Dolan's examination before trial and read the December 21, 1981 confidential minutes of the hospital's executive committee meeting concerning Dolan's privileges. Toussaint testified to his findings and concluded that there was "absolutely no indication of any deviation from accepted standards of medical care" by the hospital.

Plaintiff's opposition to the motion included the affidavit of his expert, Richard Goodman, an orthopedic specialist, who reviewed the same documentation as did Toussaint. Goodman concluded that the hospital failed to implement placement of Dolan in a preceptorship in accordance with the decision of the hospital's executive committee, and that this failure constituted malpractice. The hospital has appealed from the denial of its summary judgment motion.

Initially, we observe that the hospital conclusively established the absence of any vicarious liability for malpractice on its part in the care and treatment of plaintiff by Dolan, who was a nonemployee physician. Plaintiff does not contest this contention. Therefore, the only disputed theory on which the hospital could be held liable to plaintiff for Dolan's malpractice would flow from its failure to appropriately supervise the doctor after notice of his current alcohol-related problem *(see, Bush v Dolan,* 149 AD2d 799).

The hospital contends that it has made a prima facie showing of entitlement for judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact from the case *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). It submitted the unanimous determination of the medical malpractice panel, which is evidence on the question of nonliability of both the hospital and Dolan *(see,* Judiciary Law § 148-a [8]; *see also,* L 1991, ch 165, §§ 47, 62 *[l]; Wolfe v Samaritan Hosp.,* 104 AD2d 143, 146; *Musso v Westfield Mem. Hosp.,* 64 AD2d 851, *appeal dismissed* 45 NY2d 834, 837, *lv denied* 45 NY2d 714). Toussaint stated in his supporting affidavit that the preceptorship of Dolan was completely appropriate to the circumstances. Preceptorship consists of close monitoring or observation of the activities of the subject physician. Goodman agreed that a preceptorship was appropriate but concluded that, based upon the transcript of Dolan's examination before trial, the hospital never actually placed Dolan on preceptorship. Contrary to plaintiff's characterization, however, the testimony by Dolan reveals that he

was in fact removed from the emergency room staff and placed in a preceptorship in accordance with the decision of the executive committee of the hospital.

Moreover, the record is devoid of any indication of alcohol involvement at any time during Dolan's treatment of the plaintiff, which parenthetically was the purpose of the preceptorship. The only indication in the record that Dolan had an alcohol problem appears in the minutes of the December 2, 1981 executive committee meeting. At that time it was reported that Dolan "has had, not just recently, an overuse of alcohol" problem. The minutes also reveal that physicians were trying to help Dolan, that Dolan had sought and was receiving professional help and counseling, and that there had been no malpractice problems with regard to Dolan. Contrary to the argument made on plaintiff's behalf, these minutes raise no inference that four months later at the time of the surgery, his surgeon was either under the influence of alcohol or suffering from a side effect of alcoholism.

Faced with the showing by the hospital of the preceptorship, the noninvolvement of alcohol and the lack of malpractice on the part of Dolan, it was incumbent upon plaintiff to make an evidentiary showing of the existence of a factual issue which required a trial. It is well settled that in opposition to a motion for summary judgment, a party must assemble and lay bare affirmative proof to establish that the matters alleged are real and capable of being established upon a trial (*Zuckerman v City of New York,* 49 NY2d 557). Plaintiff's failure to have met this burden entitled the hospital to judgment dismissing the complaint against it.

Crew III and Casey, JJ., concur.

Yesawich Jr., J. (dissenting). We respectfully dissent. The substance of the parties' disagreement is not whether an administrative decision was made to place defendant John Dolan under preceptorship; that is undisputed. Likewise, all parties agree that if Dolan was closely monitored and observed, in accordance with the common definition of preceptorship status, these actions would be sufficient to meet defendant St. Clare's Hospital's duty of reasonable supervision, even given the knowledge it had of his alcohol problem. The evidence is conflicting, however, with regard to the level of monitoring to which Dolan was actually subjected, and because we cannot say that merely changing Dolan's administrative status and removing him from the emergency room roster would have been sufficient as a matter of law to discharge the hospital's duty, we would affirm.

Although Richard Goodman acknowledged in his affidavit that placing Dolan under preceptorship would have been sufficient to satisfy the hospital's duty, he opines that the preceptorship was not actually implemented. Dolan's admission that he was placed in a preceptorship, coming as it did only after he was shown the minutes of the committee meeting at which the decision to do so was made, represents nothing more than a concession that his status was officially changed. With regard to the actions taken by the hospital as a result of this change, however, Dolan testified that he was never told of the decision or informed in writing, that he did not know whether his work had been reviewed and that to his knowledge his privileges had not been limited. This testimony is sufficient to create a question of fact as to whether the hospital actually implemented the preceptorship.

Furthermore, this record leaves unresolved the issue of proximate cause. There is a question of fact with respect to whether the hospital's breach of its duty to supervise, if indeed there was such a breach, could have been a proximate cause of plaintiff's injury. Given this circumstance, plaintiff has no duty to come forth with evidence on this issue (see, Batac v Associated Sec. Specialists, 160 AD2d 649, 650).

Levine, J., concurs. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant St. Clare's Hospital and complaint dismissed against said defendant.