■ Lori A. Wahila et al., Respondents-Appellants, v Lawrence Kerr et al., Defendants, and Barry Shaw, Appellant-Respondent. [611 NYS2d 966] —Peters, J. Cross appeals from an order of the Supreme Court (Coutant, J.), entered March 29, 1993 in Broome County, which, *inter alia,* partially granted defendant Barry Shaw's motion for summary judgment dismissing the complaint.

Plaintiff Lori A. Wahila (hereinafter plaintiff) seeks to recover damages for injuries allegedly sustained as a result of defendants' medical/dental malpractice. Plaintiff treated with defendant Barry Shaw, a dental orthodontist who suggested that she undergo mandibular surgery in order to correct a malocclusion of her teeth. Plaintiff selected defendant Lawrence Kerr, a plastic surgeon, to perform the surgery who was assisted by defendant Samuel Pejo.

The surgical plan was to elongate plaintiff's lower jaw by severing the jaw bone and connecting tissue, advancing the jaw bone and then re-securing it at the desired location with metal screws. Shaw's role was to make a customized splint to facilitate the proper placement of the upper and lower jaws so that, following fixation by Kerr, the bones would heal properly. It is undisputed that Shaw did not perform any surgery but did advance the jaw after the alleged surgical separation to insert the temporary splint. Subsequent to the surgery, it was discovered that the original malocclusion still existed. In an attempt to correct the condition, Shaw placed elastics between the upper and lower teeth. Plaintiff allegedly suffered severe postsurgical pain and significant limitation in opening her mouth.

Plaintiff commenced this action alleging that Shaw negligently departed from accepted standards of dental/orthodontic care during plaintiff's preoperative, operative and postoperative treatment. Plaintiff's bill of particulars alleges that Shaw failed to properly evaluate the condition of plaintiff's temporomandibular joints preoperatively to determine whether the suggested surgery was the proper procedure to perform under the circumstances. As to the operative stage, plaintiff concedes that Shaw took no active part in the actual surgery but contends that he should be held vicariously liable as part of the surgical team. Plaintiff further contends that due to the incomplete cutting and stripping of the muscle after surgery, Shaw's use of excessive force in the placement of the dental splint resulted in further injury of the temporomandibular joints which resulted in the condyles, menisci and ligaments

becoming displaced. As to postoperative negligence, plaintiff contends that all defendants including Shaw failed to perform proper X rays of the temporomandibular joints and that Shaw's use of elastics during this period further compounded her injuries.

At the conclusion of discovery, Shaw moved for summary judgment contending that as a dentist and orthodontist, he should not be held vicariously liable for the alleged negligence of the surgeon chosen by plaintiff. Shaw detailed his limited role in the surgery and thereafter contended that due to the use of general anesthesia, plaintiff's jaw was freely movable. Therefore, Shaw contends that he would not have been able to discover whether the surgery was adequately performed when he placed the splint. Shaw further submitted an affidavit of Rocco DiPaola, an orthodontist, who opined that "Shaw's * * * care and treatment of the patient both pre-operatively and post-operatively * * * was well within accepted standards and in no way deviated from acceptable standards in Orthodontics". DiPaola also stated that due to the use of general anesthesia, plaintiff's mandible would have been freely movable and therefore Shaw would not have known whether the surgery was properly completed.

In response thereto, plaintiff submitted an affidavit annexing copies of plaintiff's response to expert disclosure, excerpts from Shaw's deposition testimony, and various hospital and office records which indicate that there might have been a temporomandibular joint disorder prior to plaintiff's operation. Had such condition in fact existed, plaintiff's experts averred that it would have been improper to perform the surgery suggested. Plaintiff's experts further detailed that due to the improper cutting and stripping, the mandible could not have been mobile and therefore the placement of the splint by Shaw resulted in excessive force on the mandible which placed additional pressure on the temporomandibular joints. As to postoperative care, plaintiff's experts opined that the failure to take X rays as well as the use of the elastics caused additional stress on the injured joints. On this record, Supreme Court denied Shaw's motion as to his individual liability but granted his motion regarding vicarious liability. We affirm.

It is well settled that "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Once such

showing has been made, "the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" *(supra,* at 324). The burden on a plaintiff opposing a motion for summary judgment in a medical malpractice action is "to establish not only a deviation or departure from accepted practice but also the 'requisite nexus between the malpractice allegedly committed by defendant * * * and the [injury] * * *' *(Ferrara v South Shore Orthopedic Assocs.,* 178 AD2d 364, 366 * * *) unless the causal relationship is readily apparent to the trier of fact" *(Fridovich v David,* 188 AD2d 984, 985).

On the record before us, we find that Shaw made a prima facie showing of his entitlement to summary judgment as a matter of law, thus shifting the burden to plaintiff to produce evidentiary proof sufficient to raise a triable question of fact *(see, Alvarez v Prospect Hosp., supra,* at 326-327; *Zuckerman v City of New York,* 49 NY2d 557, 562; *Kean v Community Gen. Hosp.,* 195 AD2d 910, 912, *lv denied* 83 NY2d 752). As to preoperative care, we find that plaintiff's bill of particulars coupled with the hospital records constituted sufficient evidence to raise a triable issue of fact that plaintiff may have had a temporomandibular joint disorder prior to the operation. With the testimony of plaintiff's experts that, had such a condition existed, X rays should have been taken and, if such condition was confirmed, the surgery should not have been performed, we find that plaintiff's allegations regarding a failure to diagnose raised an issue of fact as to a material deviation from accepted practice and a potentially contributing cause of plaintiff's injuries. Hence, such issues may not be properly disposed of on a motion for summary judgment.

As to the claims alleging negligent operation, we agree with Supreme Court that there is no basis for the maintenance of a cause of action alleging vicarious liability. Plaintiff was unable to demonstrate by the submission of any credible evidence that Shaw owed a duty to supervise the operation, undertook that function as part of plaintiff's care or had exercised some general authority or control over the operation *(see, Hill v St. Clare's Hosp.,* 67 NY2d 72; *Markley v Albany Med. Ctr. Hosp.,* 163 AD2d 639; *Dennis v St. Peters Hosp.,* 163 AD2d 703).

With respect to plaintiff's allegations regarding Shaw's individual liability during the operation, we find that plaintiff submitted sufficient evidence to establish a triable issue regarding the amount of force used in the advancement of the

jaw and that had excessive force been used, such act could have been a contributing factor to plaintiff's injuries.

Finally, with respect to the allegations concerning postoperative negligence, we find that plaintiff, through the expert affidavits, established a material issue of fact as to whether Shaw deviated from accepted practice by his use of elastics after unsuccessful surgery.

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.