■ STEVEN KAY et al., Respondents, v HERBERT KAY et al., Appellants. [637 NYS2d 446] —In an action, inter alia, for injunctive relief, the defendant appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated October 3, 1994, as (1) granted the branch of the plaintiffs' motion which was to direct him to produce certain income tax returns, (2) denied the branch of his cross motion which was for a preliminary injunction, and (3) denied the branch of his cross motion which was to dismiss the plaintiff's cause of action to recover damages for breach of contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

In September 1991, the plaintiff Steven Kay and the defendant Herbert Kay entered into an agreement in which Herbert Kay sold his plumbing business to Steven Kay, including the business's name and customer list. Steven Kay subsequently brought this action alleging, inter alia, that Herbert Kay had resumed working as a plumber under his former business name and that he was soliciting customers from the list that he had sold to Steven Kay.

Although income tax returns are generally not subject to discovery in civil actions (see, Consentino v Schwartz, 155 AD2d 640; Briton v Knott Hotels Corp., 111 AD2d 62; Mayo, Lynch & Assocs. v Fine, 123 AD2d 607), we agree with the Supreme Court's conclusion that Steven Kay is entitled to disclosure of Herbert Kay's income tax returns. Despite Steven Kay's requests, Herbert Kay has failed to provide any documentation of his business income for the years in question, which is relevant to Steven Kay's claim that Herbert Kay diverted business away from Steven Kay in violation of their agreement. Under these circumstances, we find no improvident exercise of discretion in directing Herbert Kay to produce the documents in question (see, e.g., Kornblatt v Jaguar Cars, 172 AD2d 590).

The answer includes a counterclaim to recover damages for defamation, but does not include a request for injunctive or declaratory relief. Because Herbert Kay has an adequate remedy at law, he is not entitled to a preliminary injunction limiting Steven Kay's use of his name (*see*, CPLR 6301; *U.S. Transp. Sys. v Marc 1*, 210 AD2d 316; *Betesh v Jemal*, 209 AD2d 568).

Although the defendants argue that the cause of action to recover damages for breach of contract should have been dismissed for failure to state a cause of action, the complaint does not contain such a cause of action. Moreover, to the extent that the causes of action in the complaint rely upon the terms of the parties' agreement, they are sufficient to support the relief sought. O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.