■ James R. Lambert, Appellant, v General Electric Company et al., Respondents. [666 NYS2d 289] —Mikoll, J. P. Appeal from an order of the Supreme Court (Keniry, J.), entered July 3, 1996 in Saratoga County, which granted defendants' motion for summary judgment dismissing the remaining causes of action in the amended complaint.*

On this appeal we review Supreme Court's grant of summary judgment in favor of defendants dismissing plaintiff's causes of action for wrongful termination of employment under Executive Law § 296 (1) (a), defamation and wrongful discharge under Labor Law § 740. Our inquiry is whether plaintiff has established the existence of material issues of fact requiring resolution at trial (see, Wahila v Kerr, 204 AD2d 935; see also, Alvarez v Prospect Hosp., 68 NY2d 320, 324).

After three successive unsatisfactory performance evaluations, plaintiff was notified in writing on September 15, 1989 that his employment with defendant General Electric Company would be terminated effective October 27, 1989. Plaintiff shortly thereafter filed a short-term disability claim, following which he was advised that his actual termination date would be held in abeyance pending a determination as to his disability, during which period he would be placed in a personal illness status with protected service and associated benefits. Thereafter, plaintiff applied for and was granted permanent disability retirement, effective November 1, 1990. Although he had initiated an internal appeal process to review the decision to terminate his employment, plaintiff did not complete this process and instead commenced this action on or about February 14, 1990.

We conclude that plaintiff has failed to demonstrate that his employment was in fact terminated, but even if we were to so

---

* By order entered August 21, 1991, Supreme Court dismissed the first, second, fifteenth and sixteenth causes of action. No appeal from this order was taken.

find, we would agree with the conclusion of Supreme Court that plaintiff has failed to supply any evidence supporting his contention that his termination was based upon a disability rather than upon the series of unsatisfactory performance evaluations that defendants have documented in their moving papers. Hence, summary judgment was properly granted as to the Executive Law § 296 claim.

We likewise find the grant of summary judgment proper as to the defamation causes of action. Consideration of all but one of the performance reviews was barred by the one-year Statute of Limitations; the September 1989 evaluation was protected by the qualified privilege attached to employee evaluations and there was no showing of any falsity, malice or intent to injure (*see, Boyle v Stiefel Labs.*, 204 AD2d 872, *lv denied* 84 NY2d 803).

Plaintiff's claim under Labor Law § 740 similarly fails to make the requisite factual showing to defeat a summary judgment motion. Again noting plaintiff's failure to establish that he was, in fact, terminated, we nonetheless observe that were we to disregard this failure, we would still conclude that plaintiff failed to establish the essential elements of a Labor Law § 740 claim. The Court of Appeals in *Bordell v General Elec. Co.* (88 NY2d 869), affirming this Court's decision therein, made it clear that an aggrieved employee must demonstrate an actual violation of a statute or regulation creating a substantial risk to public health or safety; mere suspicion or even a good-faith or reasonable belief on the part of the employee is insufficient. Moreover, it must be established that the discharge was in consequence of reporting of the violation. The only formal complaint plaintiff has documented is one which postdates his notice of termination due to unsatisfactory performance.

Mercure, Crew III and Yesawich Jr., JJ., concur; White, J., not taking part. Ordered that the order is affirmed, without costs.