■ Peter C. Ramos, Appellant, v Madison Square Garden Corp., Respondent. [684 NYS2d 212] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered January 14, 1998, which granted defendant's motion for dismissal of the complaint in its entirety, unanimously affirmed, without costs.

Based solely on an analysis of "whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88; *see also, Wiener v Lazard Freres & Co.*, 241 AD2d 114, 120), we agree with the motion court that the complaint fails to state a claim for which relief can be granted. The first cause of action, seeking declaratory relief but no damages for an alleged defamation, fails because plaintiff has an adequate remedy at law, i.e., post-publication damages (*see, e.g., Kay v Kay*, 223 AD2d 684, 685). Even if some form of equitable remedy were appropriate for defamation, a dubious proposition at best, the particular equitable relief here sought, in the nature of a prior restraint, is strongly disfavored (*see, Schermerhorn v Rosenberg*, 73 AD2d 276, 288) and would be wholly inappropriate in the present context.

The second cause of action, seeking damages based on statements made to plaintiff's co-employees, is barred since the statements sued upon are qualifiedly privileged (*see, e.g., Lambert v General Elec. Co.*, 244 AD2d 841, 842), and plaintiff has not adequately alleged any ground upon which defendant might be disqualified from invoking the privilege (*see, Boyle v Stiefel Labs.*, 204 AD2d 872, 875, *lv denied* 84 NY2d 803). As to the

remaining causes, because plaintiff has not alleged any basis to doubt the general accuracy of the material provided defendant by an outside source under reliable circumstances, there is no issue as to gross irresponsibility (*see, Weiner v Doubleday & Co.*, 74 NY2d 586, 595-596, *cert denied* 495 US 930), and plaintiff, for the most part having pleaded these remaining causes in reliance upon the text of a third-party paraphrasing of defendant's alleged statements, has failed to assert these last causes with the particularity required by CPLR 3016 (a) (*see, Le Sannom Bldg. Corp. v Dudek*, 177 AD2d 390, 391). We have considered plaintiff's remaining arguments and find them to be unavailing. Concur—Rosenberger, J. P., Ellerin, Tom and Saxe, JJ.