■ In the Matter of NORMAN SAFERSTEIN, Appellant, v LAWYERS' FUND FOR CLIENT PROTECTION, Respondent. [748 NYS2d 438] —Spain, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered July 17, 2001 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as time-barred.

In 1992, petitioner filed a claim with respondent seeking reimbursement of approximately $325,000 in funds that he claimed were misappropriated by his former attorney. Following an investigation, respondent sent petitioner a letter, dated June 27, 1996, denying his claim based upon petitioner's failure to provide "satisfactory evidence of a reimbursable loss."[1] Upon reconsideration, respondent confirmed the denial of petitioner's claim and, in a letter dated October 11, 2000, informed petitioner that its determination was "now final" (see 22 NYCRR 7200.11). On October 14, 2000, petitioner signed for and received respondent's letter, which was sent by certified mail. Petitioner then commenced this CPLR article 78 proceeding to annul respondent's October 11, 2000 determination upon reconsideration.[2] Respondent moved to dismiss the petition, arguing that it was not filed within the four-month limitations period and was, therefore, time-barred. Supreme Court agreed and granted the motion, prompting this appeal by petitioner.

We affirm. A CPLR article 78 proceeding "must be com-

---

**1.** Respondent's letter explained that the evidence demonstrated that petitioner's loss was due to an unsuccessful business loan and not a misappropriation or willful misapplication of client funds.

**2.** Petitioner's notice of petition also improperly attempted to move for an order "reversing" certain correspondence sent to petitioner from respondent's Executive Director—following respondent's final denial upon reconsideration—dated, respectively, November 15, 2000, December 6, 2000 and January 2, 2001, in response to letters from petitioner requesting reconsideration of respondent's final determination.

menced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]; *see Matter of Carter v State of New York, Executive Dept., Div. of Parole*, 95 NY2d 267, 270). Initially, we concur with Supreme Court's conclusion that respondent's determination denying petitioner's claim became final and binding and the statutory period began to run on October 14, 2000, when petitioner signed for and received respondent's letter notifying him that the denial of his claim was "final" (*see Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834; *see also Matter of Carter v State of New York, Executive Dept., Div. of Parole, supra* at 270; 22 NYCRR 7200.11). Thus, at that time petitioner was aggrieved by the final determination and the last day that petitioner could properly commence the instant proceeding within the statute of limitations period was February 14, 2001 (*see Matter of Carter v State of New York, Executive Dept., Div. of Parole, supra*; *see also* CPLR 217 [1]). Here, the evidence shows that the earliest possible date that petitioner could be deemed to have commenced the instant proceeding was February 15, 2001, the date he paid for and was issued an index number by the Albany County Clerk's office. In fact, the evidence shows that petitioner's notice of petition and petition were not filed with the Albany County Clerk's office until February 16, 2001. Accordingly, we find that, under the evidence presented herein, Supreme Court properly dismissed the petition as time-barred (*see* CPLR 217 [1]; former 304 [L 1999, ch 367, § 1]; *Matter of Grant v Senkowski*, 95 NY2d 605; *Matter of Abramov v Board of Assessors, Town of Hurley*, 257 AD2d 958, 960-961, *lv denied* 93 NY2d 813).

The various arguments raised by petitioner on appeal do not require a contrary result. Petitioner's letters of November 10 and 25, 2000 requesting respondent to, again, reconsider his claim, and respondent's correspondence in reply, did not in any respect alter the finality of respondent's October 11, 2000 determination or serve to toll the statute of limitations (*see Matter of Lubin v Board of Educ. of City of N.Y.*, 60 NY2d 974, 976, *cert denied* 469 US 823; *Matter of Crest Mainstream v Mills*, 262 AD2d 846, 847). Additionally, petitioner's February 6, 2001 attempt to file a notice of petition and petition unaccompanied by either a request for judicial intervention or an application for an index number was properly rejected by the Albany County Clerk's office (*see Matter of Buonocore v Village of S. Nyack*, 238 AD2d 336; 22 NYCRR 202.6 [a]). Finally, in the absence of any evidence of fraud, misrepresentation or promises by respondent which prevented petitioner from timely

commencing the instant proceeding, respondent is not equitably estopped from asserting its limitations defense (see *Simcuski v Saeli*, 44 NY2d 442, 448-449; *Serkil, L.L.C. v City of Troy*, 259 AD2d 920, 922-923, *lv denied* 93 NY2d 811; *Contento v Cortland Mem. Hosp.*, 237 AD2d 725, 725-726, *lv denied* 90 NY2d 802). Petitioner's remaining arguments have been considered and determined to be without merit.

Mercure, J.P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.