**Norman SAFERSTEIN, Plaintiff–Appellant,**

v.

**LAWYERS' FUND FOR CLIENT PROTECTION, Defendant–Appellee.**

**Docket No. 04–1466–CV.**

United States Court of Appeals, Second Circuit.

July 19, 2005.

See also 298 A.D.2d 726, 748 N.Y.S.2d 438.

Norman Saferstein, Boca Raton, FL, for Appellant, pro se.

PRESENT: WALKER, Chief Judge, SACK, and RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is VACATED and the case is REMANDED for reconsideration.

Plaintiff-appellant Norman Saferstein appeals from the January 5, 2004, judgment of the district court *sua sponte* dismissing for lack of jurisdiction Saferstein's civil rights complaint filed, pursuant to 42 U.S.C. § 1983, against defendant-appellee the Lawyers' Fund for Client Protection ("LFCP"), a fund created by statute, N.Y. State Fin. Law § 97–t, whose trustees perform quasi-judicial functions, N.Y. Comp. Codes R. & Regs. tit. 22, § 7200.4; *see Schettino v. Alter,* 140 A.D.2d 600, 601, 528 N.Y.S.2d 862 (2d Dep't 1988) (App. Div. 2 Dept.1988). We assume familiarity with the facts and proceedings in this case, as well as with the issues raised on appeal.

The genesis of Saferstein's complaint against LFCP was a claim he had filed with the agency seeking reimbursement of a $325,000 settlement that Saferstein asserts was misappropriated by his attorney. *See Saferstein v. Lawyer's Fund For Client Protection,* 298 A.D.2d 726, 726, 748 N.Y.S.2d 438 (3d Dep't 2002) (recounting facts). Saferstein claims that he was falsely induced by the attorney into allowing him to keep the $325,000 as a short-term loan, after which the attorney absconded with the funds. The LFCP denied the claim after concluding that Saferstein's "loss was due to an unsuccessful business loan and not a misappropriation or willful misapplication of client funds." *Id.* 726 n. 1, 748 N.Y.S.2d 438. Saferstein petitioned for review of the Fund's denial in an Article 78 proceeding in New York state court, but the court dismissed the petition as time-barred after finding that it had been filed one day late. *Id.* at 726–27, 748 N.Y.S.2d

438. The Appellate Division affirmed the dismissal, *id.* at 426, 748 N.Y.S.2d 438, after which leave to appeal to the Court of Appeals was denied, 99 N.Y.2d 505, 755 N.Y.S.2d 711, 785 N.E.2d 733 (2003), as was reconsideration, 99 N.Y.2d 637, 760 N.Y.S.2d 90, 790 N.E.2d 263 (2003). Notably, the state courts, having dismissed on statute-of-limitations grounds, did not address the merits of any of Saferstein's claims.

Saferstein's federal complaint alleges, *inter alia,* that the Fund violated his Due Process rights by (1) delaying its decision for an excessive period; (2) not providing him a hearing before denying his claim, in violation of N.Y. Comp.Codes R. & Regs. tit. 22, § 7200.10(f); and (3) not apprising him of his appellate rights and the time limits to appeal when it issued its "final" decision denying his claim. The district court dismissed the action under *Rooker-Feldman* after concluding that Saferstein was, in effect, seeking to have a federal court review claims that had been adjudicated by a state court.

During the pendency of this appeal, the Supreme Court issued a decision in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* — U.S. ——, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), in which it greatly curtailed the reach of the *Rooker-Feldman* doctrine. At the very outset of its decision, the Court implicitly overruled our decision in *Moccio v. New York State Office of Court Administrators,* 95 F.3d 195, 199–200 (2d Cir.1996), which it cited as an example of how "the doctrine has sometimes been construed to extend far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738." *Exxon,* 125 S.Ct. at 1521. Given the fundamental change *Exxon* has effected in the *Rooker-Feldman* doctrine, we remand to the district court to consider, in the first instance, whether its dismissal of Saferstein's claims against LFCP is consistent with the principles enunciated in *Exxon.*

We have thoroughly considered appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby VACATED and the case is REMANDED for reconsideration.