■ Crowe Deegan, LLP, Respondent, v Peter J. Schmitt, Appellant. [832 NYS2d 242]—

In an action, inter alia, to recover damages for defamation,

the defendant appeals from an order of the Supreme Court, Nassau County (Lally, J.), entered April 14, 2006, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing so much of the third cause of action as alleged defamation, libel, and libel per se, based on the challenged statement appearing in the Newsday article dated February 29, 2004, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The challenged statement appearing in the Newsday article dated February 29, 2004, made by the defendant during the course of a legislative hearing, is entitled to absolute privilege (*see Park Knoll Assoc. v Schmidt,* 59 NY2d 205, 209 [1983]; *Schettino v Alter,* 140 AD2d 600, 601-602 [1988]).

In response to the defendant's showing of his prima facie entitlement to summary judgment dismissing the remainder of the complaint (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]), the plaintiff demonstrated the existence of an issue of fact from which a reasonable jury could find "actual malice with convincing clarity" (*Bose Corp. v Consumers Union of United States, Inc.,* 466 US 485, 514 [1984]; *see New York Times Co. v Sullivan,* 376 US 254, 279-280 [1964]; *Prozeralik v Capital Cities Communications,* 82 NY2d 466, 474-475 [1993]).

The defendant's remaining contentions are without merit. Mastro, J.P., Krausman, Florio and Balkin, JJ., concur. [*See* 12 Misc 3d 1152(A), 2006 NY Slip Op 50870(U) (2006).]