**Norman SAFERSTEIN, Plaintiff–Appellant,**

v.

**LAWYERS' FUND FOR CLIENT PROTECTION, Defendant–Appellee.[1]**

No. 06–2081–cv.

United States Court of Appeals, Second Circuit.

April 18, 2007.

Norman Saferstein, pro se, Boca Raton, FL, for Appellant.

David Lawrence III, Assistant Solicitor General, (Eliot Spitzer, Attorney General of the State of New York, and Michael S. Belohlavek, Senior Counsel, on the brief), New York, NY, for Amicus Curiae.

PRESENT: PIERRE N. LEVAL, JOSÉ A. CABRANES, REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Plaintiff–Appellant Norman Saferstein appeals *pro se* from a judgment of the District Court dismissing his complaint *sua sponte* for lack of subject matter jurisdiction. Plaintiff originally filed suit in New York State court pursuant to New York Civil Practice Law and Rules Article 78 challenging defendant's administrative determination rejecting plaintiff's claim of losses in the amount of $325,000 caused by his former attorney. The New York Supreme Court dismissed plaintiff's action as time-barred under the statute of limitations. The Appellate Division, Third Department, affirmed, and the New York Court of Appeals denied leave to appeal.

Plaintiff filed the instant action in District Court on June 18, 2003 alleging that both defendant and New York State courts violated his right to due process of law under the Fourteenth Amendment. In an order dated January 5, 2005, the District Court dismissed plaintiff's action *sua sponte* pursuant to the *Rooker–Feldman* doctrine, under which the lower federal courts are precluded from reviewing the judicial decisions of state courts. *See, e.g., Campbell v. Greisberger,* 80 F.3d 703, 706–07 (2d Cir.1996). Plaintiff appealed to this Court, and we remanded to the District

---

1. Because the District Court dismissed plaintiff's complaint *sua sponte* before defendant was served with a complaint, defendant is not a party to this appeal, and joins as *amicus curiae. See, e.g., Resnick v. Hayes,* 213 F.3d 443, 446 n. 2 (9th Cir.2000).

Court for consideration of whether the District Court's dismissal was consistent with the Supreme Court's decision in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), decided after entry of the District Court's order. *See Saferstein v. Lawyers' Fund for Client Protection*, 142 Fed.Appx. 494 (2d Cir.2005). On remand, the District Court again dismissed plaintiffs' claims under the *Rooker–Feldman* doctrine in an order dated February 15, 2006. As an alternative ground for its dismissal, the District Court relied on *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir.1988) for the principle that "federal courts have no general power to interfere in state court proceedings or to compel action by state officials." Defendant appeals the District Court's February 15, 2006 order.

We conclude that petitioner's arguments are without merit. First, insofar as plaintiff alleges that the New York State courts violated his due process rights by finding his claims untimely, review by a federal district court is squarely foreclosed by the *Rooker–Feldman* doctrine as articulated most recently in *Exxon Mobil Corp.*, 544 U.S. at 291, 125 S.Ct. 1517 (barring district court review where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment").

Second, insofar as plaintiff claims that defendant (as opposed to New York State courts) violated his due process rights, we need not address the applicability of the *Rooker–Feldman* doctrine to the instant case. Instead, plaintiff's claims in this regard are barred by the doctrine of *res judicata* because the state courts' dismissal of these claims as untimely constituted a "final judgment on the merits of an action" which "precludes the parties ... from relitigating issues that were or could have been raised in that action." *King v. Fox*, 418 F.3d 121, 131 (2d Cir.2005). *See Bray v. N.Y. Life Ins.*, 851 F.2d 60, 63–64 (2d Cir.1988) (holding that a state court decision on statute of limitations grounds is a judgment on the merits that is given preclusive effect in federal courts).

Accordingly, the judgment of the District Court is **AFFIRMED**.