■ MARTIN LEVINE, Appellant, v CITY MEDICAL ASSOCIATES, P.C., Respondent. [970 NYS2d 257]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered September 28, 2012, as granted that branch of the defendant's motion which was to direct him to disclose copies of all 1099 and W-2 forms issued to him by all employers for the tax years 2007 through and including 2011 and directed that discovery on the action and the counterclaim proceed simultaneously.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing the plaintiff to disclose copies of all 1099 and W-2 forms issued to him by all employers for the tax years 2007 through and including 2011, and substituting therefor a provision directing the plaintiff to disclose copies of all 1099 and W-2 forms issued to him by all employers for the period between the end of the plaintiff's employment with the defendant through and including tax year 2011; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In 2007, the plaintiff sold his medical practice to the defendant. The contract between the parties (hereinafter the Agreement) provided for the plaintiff's part-time employment with the defendant, and contained a restrictive covenant as to the plaintiff's acceptance of employment within a certain radius and for a certain period of time after his employment with the defendant ended. At the end of 2010, the plaintiff left the defendant's employ and commenced this action seeking damages, inter alia, for breach of the Agreement. He alleged, among other things, that the defendant had violated the provisions of the Agreement governing his compensation for medical services he rendered to the defendant's patients. The defendant asserted counterclaims alleging, inter alia, that, after the plaintiff left the defendant's employ, he breached the Agreement's restrictive covenant provisions. In discovery, the defendant sought disclosure of certain of the plaintiff's tax records for the period from 2007 through 2011, but the plaintiff refused to provide them. The defendant moved, pursuant to CPLR 3124, to compel disclosure. The Supreme Court granted that branch of the defendant's motion which sought disclosure of the tax records.

The basic rule of discovery is set forth in CPLR 3101 (a),

which states, broadly, that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof" (CPLR 3101 [a]). Although the discovery statutes are to be construed "liberally" so that there should be disclosure of any material that is even arguably relevant (*see Shanahan v Bambino*, 271 AD2d 519, 519 [2000]), "unlimited disclosure is not required, and supervision of disclosure is generally left to the Supreme Court's broad discretion" (*Mironer v City of New York*, 79 AD3d 1106, 1108 [2010]; *see Palermo Mason Constr. v Aark Holding Corp.*, 300 AD2d 460, 461 [2002]). The essential test is "usefulness and reason" (*Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 746 [2000] [internal quotation marks omitted]; *see Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). Tax returns generally are not discoverable "in the absence of a strong showing that the information is indispensable to the claim and cannot be obtained from other sources" (*Latture v Smith*, 304 AD2d 534, 536 [2003]; *see Gitlin v Chirinkin*, 71 AD3d 728, 729 [2010]; *Pugliese v Mondello*, 57 AD3d 637, 639-640 [2008]; *Briton v Knott Hotels Corp.*, 111 AD2d 62, 62 [1985]).

Here, the plaintiff alleges that the defendant breached the Agreement by failing to compensate him properly for treatment he rendered to the defendant's patients. The records pertaining to the plaintiff's compensation by the defendant are presumably in the defendant's possession, so disclosure of the tax forms for the period of his employment with the defendant is not necessary to the defense against the plaintiff's claims. In addition, with respect to the counterclaims, the defendant alleges that the plaintiff breached the Agreement after he left the defendant's employ at the end of 2010. Consequently, the plaintiff's tax records for the period before he left the defendant's employ are not relevant, much less indispensable, to the defendant's prosecution of the counterclaims, and the Supreme Court improvidently exercised its discretion in directing the plaintiff to disclose them. The tax records relating to the period after the plaintiff left the defendant's employ are, however, relevant and indispensable to the defendant's prosecution of its counterclaims. Moreover, inasmuch as they are not available from any other source, the Supreme Court did not improvidently exercise its discretion in directing the plaintiff to disclose them (*see Kay v Kay*, 223 AD2d 684, 684 [1996]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Balkin, J.P., Leventhal, Sgroi and Miller, JJ., concur.